**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FEB 23 2021

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| DONALD LEWIS DAVIS, | No. 20-15626 |
| Plaintiff-Appellant, | D.C. No. 4:19-cv-00385-JGZ-PSOT |
| v. | |
| BARBARA BLANCKENSEE; HUGH J. HURWITZ, | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Arizona
Jennifer G. Zipps, District Judge, Presiding

Submitted February 17, 2021**

Before:     FERNANDEZ, BYBEE, and BADE, Circuit Judges.

Federal prisoner Donald Lewis Davis appeals pro se from the district court's

judgement dismissing for failure to state a claim his action regarding his prison

orientation and loss of good time credits.  We have jurisdiction under 28 U.S.C.

§ 1291.  We review de novo the district court's dismissal under 28 U.S.C.

---

\*       This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*       The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

§ 1915A. *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000). We affirm.

The district court properly dismissed Davis's action because Davis failed to allege facts sufficient to state a plausible claim. *See Hebbe v. Pliler*, 627 F.3d 338, 341-42 (9th Cir. 2010) (although pro se pleadings are construed liberally, a plaintiff must allege facts sufficient to state a plausible claim); *see also Wolff v. McDonnell*, 418 U.S. 539, 563-68 (1974) (due process requirements for prison disciplinary proceedings); *Cousins v. Lockyer*, 568 F.3d 1063, 1070 (9th Cir. 2009) (failure to follow internal prison policy does not amount to a constitutional violation).

To the extent that Davis challenged the loss of good time credits, the district court properly dismissed Davis's claim because he failed to allege facts sufficient to show that the disciplinary proceeding resulting in the loss of good time credits had been invalidated. *See Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994) (if "a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence . . . the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated"); *see also Edwards v. Balisok*, 520 U.S. 641, 648, (1997) (extending *Heck* to prison disciplinary proceedings resulting in the loss of good-time credits).

**AFFIRMED.**